# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH SNAPCHAT USERNAME "SHYNEMOBILE" THAT IS STORED AT PREMISES CONTROLLED BY SNAP INC. | Case No. 2:24-mc-00440-KFW <br><br> **Filed Under Seal** |

## APPLICATION FOR ORDER COMMANDING SNAP NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF WARRANT

The United States requests that the Court order Snap Inc. ("Snap") not to notify any person (including the subscribers and customers of the account(s) listed in the warrant of the existence of the attached warrant for 90 days, until March 4, 2025.

Snap is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached warrant, which requires Snap to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation, including by, destroying

evidence, changing patterns of behavior, notifying co-conspirators. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers/mobile devices.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Snap not to disclose the existence or content of the attached warrant for 90 days, until March 4, 2025, except that Snap may disclose the attached warrant to an attorney for Snap for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated: December 4, 2024

DARCIE N. MCELWEE
UNITED STATES ATTORNEY

*/s/ Peter I. Brostowin*
Peter I. Brostowin
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street, 6th Floor
Portland, ME 04101
(207) 780-3257
Peter.Brostowin@usdoj.gov